# In the United States Court of Federal Claims

|  |  |
|---|---|
| HOWARD RANDALL STARNES, II, ) | |
| Plaintiff, ) | No. 23-1091 C |
| v. ) | (Filed: August 15, 2023) |
| THE UNITED STATES, ) | |
| Defendant. ) | |

Howard Randall Starnes, II, Georgetown, KY, proceeding pro se.

Miles Jarrad Wright, Department of Justice, Civil Division, National Courts Section, Washington, DC, for defendant.

## OPINION AND ORDER

**Kaplan, Chief Judge.**

Plaintiff Howard Randall Starnes, II has filed this civil action against the United States. Docket No. 1. Although Mr. Starnes' allegations are not entirely clear, he appears to claim that the United States (perhaps DARPA, or the Atomic Energy Commission) placed an implant in his brain that has given him the powers of telepathy. See Compl. at 4–5. Mr. Starnes alleges that this act, which was done without his consent, has caused him serious distress and made it very difficult for him to live a normal life. See id. The only relief Mr. Starnes seeks is "[a] solution to this problem." See id. at 3.

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts alleged in the complaint and "draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff, however, has the burden of establishing subject-matter jurisdiction by preponderant evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

Plaintiffs proceeding pro se, lacking the benefit of counsel in preparing their claims, receive a degree of latitude in their pleadings not afforded parties represented by counsel. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that the pleadings of pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, pro se plaintiffs must meet the burden of establishing that the Court has subject-matter jurisdiction. See Trusted Integration, 659 F.3d at 1163.

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). While the Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), it does not confer any substantive rights, United States v. Testan, 424 U.S. 392, 398 (1976). Plaintiffs invoking the court's jurisdiction must therefore identify a substantive right to money damages arising out of a contract, statute, regulation, or constitutional provision. See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

Mr. Starnes has not identified a source of law that supplies him with a substantive right to money damages for the actions about which he complains. He also does not seek money damages from the United States for the government's alleged actions; he seeks only "[a] solution to this problem." See Compl. at 3. The Court cannot hear a claim that is not grounded in a money-mandating source of law and that does not even attempt to seek money damages. See Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) ("[I]n order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."); Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999) (same). Even given the less stringent pleading standards afforded pro se plaintiffs, the Court cannot conceive of any way in which Mr. Starnes' complaint could be construed as requesting money damages or identifying a substantive right to money damages arising out of any federal action.

Mr. Starnes cites only one law in his complaint—the Freedom of Information Act ("FOIA"). See Compl. at 6 (citing 5 U.S.C. § 552). The Court lacks jurisdiction to hear claims arising under FOIA and cannot order disclosure of documents pursuant to that statute. See Frazier v. United States, 683 Fed. Appx. 938, 940 (Fed. Cir. 2017); Snowton v. United States, 216 Fed. Appx. 981, 983 (Fed. Cir. 2007); see also 5 U.S.C. § 552(a)(4)(B) (granting jurisdiction to hear FOIA disputes to United States district courts).

Because Mr. Starnes does not seek money damages, his complaint, Docket No. 1, is **DISMISSED** for lack of subject-matter jurisdiction. The clerk is directed to enter judgment accordingly.

The Court notes that Mr. Starnes has filed two prior complaints in this Court and three prior complaints in the United States District Court for the Eastern District of Kentucky, all of which raised similarly implausible claims and all of which were dismissed. See Starnes v. United States, No. 23-cv-403-CNL (Fed. Cl. filed Mar. 21, 2023); Starnes v. United States, No. 1:22-cv-00546-EMR (Fed. Cl. filed May 16, 2022); Starnes v. Gates, No. 7:21-cv-00099-JMH (E.D. Ky. filed Nov. 29, 2021); Starnes v. United States, No. 7:21-cv-00064-HRW (E.D. Ky. filed Aug. 2, 2021); Starnes v. United States, No. 7:20-cv-0019-DCR (E.D. Ky. filed Aug. 27, 2020).

To preserve the Court's limited resources and ensure efficient adjudication of nonfrivolous suits, Mr. Starnes is therefore **ENJOINED** from filing any new submissions with the Court of Federal Claims without first obtaining leave from the undersigned Chief Judge to do so. Any motion for leave to file must include an explanation of why the complaint is properly before this court and unrelated to any prior litigation Mr. Starnes has pursued and must also identify the source of law supporting this court's jurisdiction over the claims asserted.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Chief Judge, U.S. Court of Federal Claims
